UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH RUSHING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:10CV1310 DDN |
| ) | |
| KEITH SCHAFER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Joseph Rushing for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that Plaintiff is financially unable to pay any portion of the filing fee. As a result, Plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff Joseph Rushing purports to bring this action on behalf of himself and Jason Hibbard, Jonathan Casady, and John Vanorder under 42 U.S.C. § 1983 for deprivation of their rights under the Equal Protection Clause of the United States Constitution. Only Rushing has signed the complaint, and only Rushing has submitted a motion to proceed in forma pauperis. Named as Defendants are Keith Schafer, Alan Blake, Jay Nixon, and Chris Koster.

Rushing alleges, in a conclusory fashion, and without specifying any particular Defendant, that Defendants have violated Plaintiffs' equal protection rights by singling out men for prosecution under Missouri's sex offender laws. Rushing claims that women who commit similar sexually violent crimes are not included for commitment into the Sexual Offender Rehabilitation Services but are simply released from prison.

Rushing, however, states no particular instance of this happening, nor does he name any particular similarly situated women who have been released from prison without being prosecuted under the sex offender laws.

## Discussion

Hibbard, Casady, and Vanorder are not proper Plaintiffs in this case. They have not signed the complaint, see Rule 11(a) of the Federal Rules of Civil Procedure, and they have not filed motions to proceed in forma pauperis. As a result, the Court will dismiss these Plaintiffs from the complaint.

The allegations in the complaint pertaining to violations of the Equal Protection Clause are wholly conclusory and do not state any facts that would demonstrate a plausible claim to relief. That is, Rushing does not cite to any particular female prisoner who was subjected to different treatment than Plaintiff or any other male sex offender. And the allegations fail to demonstrate how any of the named Defendants were involved in any of the alleged violations. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of August, 2010.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE